UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTIN J. WALSH,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                            Plaintiff,<br>        v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                            Defendant. | Case No. 3:22-cv-5180<br><br>**COMPLAINT – LABOR; 29 U.S.C. §660(c)** |

# **COMPLAINT**

1.  Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor ("Plaintiff" or the "Secretary"), brings this action for injunctive and other relief, pursuant to Section 11(c) of the Occupational Safety and Health Act of 1970, as amended, (29 U.S.C. §§ 651-78) ("the Act"), seeking to enforce the provisions of Section 11(c) of the Act. In bringing this action, the Secretary represents the interests not only of the complainant employee, but also the public interest in enforcing the OSH Act to assure as far as possible that employees are provided "safe and healthful working conditions." 29 U.S.C. § 651.

2.  Jurisdiction of this action is conferred upon the Court by Section 11(c) of the Act, 29 U.S.C. § 660(c)(2).

COMPLAINT – LABOR; 29 U.S.C. §660(c)
Case No. 3:22-cv-5180

1

U.S. Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, CA 90071
Yee.Victoria.W@dol.gov
(213) 894-1594

3. Defendant United States Postal Service ("USPS") sorts and delivers mail out of a facility located in Tacoma, Washington, within the jurisdiction of this Court. Defendant USPS is now, and was at all relevant times, a person as defined in 29 U.S.C. § 652(4)-(6).

4. USPS hired Kimberly Heath as a mail carrier on February 23, 2019, subject to completion of a 90-day probationary period. Ms. Heath's last day of employment with USPS was May 28, 2019. At all relevant times, Ms. Heath was an employee of USPS as defined in 29 U.S.C. §§ 652 (5)-(6).

5. On April 12, 2019, Ms. Heath suffered an injury at work while she was still a probationary employee.

6. The next day, on April 13, 2019, Ms. Heath reported the injury to her direct supervisor, Maria Pule ("Supervisor Pule"). That same day, Ms. Heath visited a doctor, who completed paperwork indicating she had a workplace injury. Ms. Heath immediately provided this paperwork to Supervisor Pule.

7. On April 25, 2019, Ms. Heath's union filed a grievance on her behalf because Supervisor Pule and Ms. Heath's second supervisor, Lataya Powell ("Supervisor Powell") had failed to provide Ms. Heath with all necessary worker's compensation paperwork. That same day, Supervisor Powell yelled at Ms. Heath for allegedly being behind schedule and continued to behave in a verbally aggressive manner toward Ms. Heath in the days that followed.

8. On April 29, 2019, Ms. Heath's medical provider identified that Ms. Heath had a knee sprain.

9. Although Ms. Heath informed Supervisor Pule of her workplace injury on April 13, 2019, USPS took more than three weeks to place Ms. Heath on light duty status. In the meantime, they regularly scheduled Ms. Heath for work duties that required her to perform physical tasks beyond the scope of her medical restrictions.

10. On June 19, 2019, Ms. Heath filed a whistleblower complaint with the Occupational Safety and Health Administration alleging that Defendant discriminated against her in violation of

COMPLAINT – LABOR; 29 U.S.C. §660(c)
Case No. 3:22-cv-5180

2

U.S. Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, CA 90071
Yee.Victoria.W@dol.gov
(213) 894-1594

§ 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

11. Plaintiff investigated the whistleblower complaint in accordance with § 11(c)(2) of the Act and determined that Defendant violated § 11(c)(1) of the Act. 29 U.S.C. §§ 660(c)(1)-(2).

12. By the acts described above, and by each of said acts, Defendant discriminated against Ms. Heath because of Defendant's belief that Ms. Heath exercised her rights under or related to the Act, and thereby Defendant engaged in, and is engaging in, conduct in violation of § 11(c)(1) of the Act.  29 U.S.C. § 660(c)(1).

**PRAYER FOR RELIEF**

1. WHEREFORE, cause having been shown, the Secretary of Labor prays for a Judgment against Defendant as follows:

(1) For an Order permanently enjoining Defendant, its officers, agents, servants, employees, and all persons acting or claiming to act in their behalf and interest from violating the provisions of § 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1); and

(2) For all appropriate relief as follows:

    a. Payment to Ms. Heath for lost wages and benefits including interest thereon, compensatory damages, plus pre- and post-judgment interest accruing thereon; and

    b. Reinstate Ms. Heath with full-time employment and all attendant benefits and privileges; and

    c. For an Order directing Defendant to expunge any adverse references from Ms. Heath's personnel record; and

    d. For an Order directing Defendant USPS and its officers, supervisors, and lead employees to be trained in the whistleblower provisions of the Act; and

    e. For an Order requiring posting in a prominent place at Defendant USPS' Tacoma, Washington facility for 90 (ninety) days a Notice stating Defendant will not in any manner discriminate against employees because of engagement, whether real, perceived, or suspected, in activities protected by Section 11(c) of the Act; and

COMPLAINT – LABOR; 29 U.S.C. §660(c)  
Case No. 3:22-cv-5180

3

U.S. Department of Labor  
350 S. Figueroa St., Suite 370  
Los Angeles, CA 90071  
Yee.Victoria.W@dol.gov  
(213) 894-1594

      f.      For an Order granting such other and further relief as may be necessary and appropriate in this action, including costs and attorneys' fees.

Respectfully submitted this 24th day of March 2022.

    SEEMA NANDA
    Solicitor of Labor

    MARC PILOTIN
    Regional Solicitor

    NISHA PAREKH
    Trial Attorney

    By */s/ Victoria Yee*

    VICTORIA YEE
    Trial Attorney
    U.S. DEPARTMENT OF LABOR

COMPLAINT – LABOR; 29 U.S.C. §660(c)
Case No. 3:22-cv-5180

4

U.S. Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, CA 90071
Yee.Victoria.W@dol.gov
(213) 894-1594