UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　　　　　Defendant. | CASE NO. 3:22-cv-05180-RJB<br><br>ORDER ON MOTION TO CLARIFY THE PERMANENT INJUNCTION |

This matter comes before the Court on the Plaintiff's Motion to Clarify the Permanent Injunction. Dkt. 21. The Court has considered the pleadings filed regarding the motion and the remaining file. It is fully advised.

In this case, the Acting Secretary for the United States Department of Labor ("Secretary") contended that the United States Postal Service ("USPS") violated the Occupational Safety and Health Act of 1970, U.S.C. §660(c) (referred to as "Section 11(c)"), in connection with the firing of Kimberly Heath, a probationary mail carrier who was injured on the job. Dkt. 1. The Secretary sought lost wages, reinstatement, and record expungement for Ms. Heath. *Id.* at 3.

ORDER ON MOTION TO CLARIFY THE PERMANENT INJUNCTION - 1

1  She sought an order directing USPS to train certain of its employees in the whistleblower protections of OSHA and an order requiring USPS at the Tacoma, Washington facilities to post a notice that USPS will not discriminate against an employee because of engagement in activities protected by Section 11(c). *Id.* The Secretary claimed "other and further relief as may be necessary . . . including costs and attorneys' fees." *Id.*

The Secretary moved for summary judgment and in addition to the relief discussed above, sought a permanent nationwide injunction requiring that the USPS comply with OSHA. Dkt. 12. The Secretary later limited her request regarding the permanent injunction to the USPS's Western Pacific area (which includes facilities in several states like Alaska, Washington, Oregon, Hawaii and California). Dkt. 14. On May 1, 2023, the Secretary's motion for summary judgment was granted, in part and denied, in part. Dkt. 15. The facts and procedural history of the case are in that order (Dkt. 15 at 1-5) and are adopted here. As is relevant to the pending motion, the May 1, 2023 Order granted the motion for a permanent injunction only as to the Tacoma, Washington facilities and denied the motion for the remainder of the USPS's Western Pacific area. Dkt. 15 at 17. The Order provided:

> Although the Secretary moves for an injunction covering USPS's Western Pacific Area, issuance of the injunctive relief for facilities in Tacoma, Washington, only, is appropriate. To the extent that the Secretary moves for injunctive relief in a broader geographical area, she has not yet shown that such relief is needed. The undersigned recognizes that the Secretary may be seeking similar broad injunctive relief in the three remaining cases in this judicial district. *See Walsh v. USPS*, No. 3:23-cv-05007 RJB, Dkt. 1; *Walsh v. USPS*, No. 3:22-cv-6002 JNW, Dkt. No. 1; and *Walsh v. USPS*, No. 2:22-cv-1176 RAJ. As cases develop, a pattern of discrimination may become apparent; it is not yet clear. Accordingly, to the extent that she moves for such relief for the Western Pacific Area or this judicial district, her motion should be denied without prejudice to raising the question in other cases. This issue remains for trial.
> The Secretary's proposed order regarding the permanent injunction (Dkt. 12-9) has merit and should be entered with geographic modifications. This relief should be granted for the Tacoma, Washington area only.

ORDER ON MOTION TO CLARIFY THE PERMANENT INJUNCTION - 2

Dkt. 15 at 16. The parties continued to prepare for trial.

On June 9, 2023, the parties filed a Joint Motion to Approve Consent Judgment. Dkt. 19. In accord with the parties' motion, the Court entered the Consent Judgment. Dkt. 20. The Consent Judgment provided that the Secretary and the USPS have "agreed to entry of this Consent Judgment and Order without contest. This Consent Judgment and Order incorporates by reference the Court's Order on Plaintiff's Motion for Summary Judgment (Dkt. 15)." Dkt. 20 at 1. The Consent Order provided, in part, that:

> **JUDGMENT IS HEREBY ENTERED**, pursuant to Section 11(c) of the Act in favor of the Secretary for the total amount of $53,419.04. The parties agree that this Consent Judgment renders finality in the outcome of the above-captioned litigation and that neither party will appeal entry of this Consent Judgment or of the Court's Order on Plaintiff's Motion for Summary Judgment (Dkt. 15).

Dkt. 20 at 1-2. This case was closed.

The Secretary now seeks clarification on the May 1, 2023 permanent injunction order (found in the Order granting summary judgment, in part) which was expressly incorporated in the June 9, 2023 Consent Judgment. Dkt. 21. She contends that the USPS has taken the position that the May 1, 2023 permanent injunction order "applies to TCCF East and West . . . that the Order is limited only to the facility where Complainant Heath worked, namely TCCF East, and interprets the Order's use of the plural term "facilities" to mean that the Court extended the permanent injunction beyond TCCF East to TCCF West only." *Id.* at 1-2. The Secretary states that there are thirteen facilities in Tacoma, Washington and seeks clarification that the May 1, 2023 permanent injunction order and June 9, 2023 Consent Judgment apply to all those facilities. *Id.*

The USPS filed a response and states that it has posted notices and completed training at the TCCF East and TCCF West facilities. Dkt. 22. It argues that the Secretary now seeks relief

ORDER ON MOTION TO CLARIFY THE PERMANENT INJUNCTION - 3

beyond the scope of the evidence in the case and beyond the May 1, 2023 permanent injunction order and June 9, 2023 Consent Judgment. *Id.*

The Secretary argues that the USPS's response should be stricken because it was filed two days late. Dkt. 23. She argues that the Court should clarify the May 1, 2023 order to include all facilities in Tacoma, Washington. *Id.*

## DISCUSSION

### A.  MOTION TO STRIKE

Unless otherwise indicated, pursuant to W.D. Wash. Local Rule 7(d)(3), responses to motions are due on the Monday before the noting date.

The Secretary's motion to strike the USPS's response (Dkt. 23) should be denied. While the USPS filed its response late, in the interest of fully considering the issues, the response should not be stricken.

### B.  MOTION FOR CLARIFICATION

As a motion for clarification, the pending motion does not request that the Court alter or amend the judgment, but rather it "invite[s] interpretation for the guidance of the parties." *Bordallo v. Reyes,* 763 F.2d 1098, 1102 (9th Cir. 1985). Accordingly, the Court will not treat this as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59 or 60.

By way of clarification, the May 1, 2023 permanent injunction order (incorporated into the June 9, 2023 Consent Judgment) provides that it applies to facilities in Tacoma, Washington. No further explanation is required. The parties should follow the order as written. The Secretary's motion to clarify (Dkt. 21) should be granted and this case remains closed.

**IT IS SO ORDERED**.

ORDER ON MOTION TO CLARIFY THE PERMANENT INJUNCTION - 4

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of August, 2023.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION TO CLARIFY THE PERMANENT INJUNCTION - 5